UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANDRES CAMPUZANO, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H-13-2522 |
| § | |
| SENTINEL INSURANCE CO., LTD., § | |
| § | |
| *Defendant*. § | |

## ORDER

Pending before the court is Defendant's motion for summary judgment. Dkt. 16. Having considered the motion, response, reply, and applicable law, the court finds that the motion for summary judgment should be GRANTED IN PART and DENIED IN PART.

Defendant objects to several statements included in plaintiff's summary judgement evidence. Dkt. 19. Specifically, defendant complains that plaintiff's affidavit references "attached" documents which are not in fact attached. The referenced documents are found elsewhere in the record. Dkt. 16-4 at 17-39. Accordingly, those objections are OVERRULED.

## I. BACKGROUND

This is an insurance dispute in which the insured, Andres Campuzano, filed claims for breach of contract, breach of the duty of good faith and fair dealing, and fraud. Dkt. 1-2 at 2. Plaintiff originally filed his case in state court, and the insurer, Sentinel Insurance Company, Ltd. ("Sentinel"), removed the case citing this court's diversity jurisdiction.

During 2011, Campuzano owned and operated a booth at Cole's Antiques and Flea Market in Pearland, Texas where he sold clothing and other merchandise from inventory. Dkt. 16-4 at 5. To protect his inventory in the event of loss or damage, Campuzano purchased Sentinel's Spectrum

Business Insurance Policy, Number 46 SBA BK3738 (the "Policy"). The Policy was effective June 14, 2011, and on or about November 22, 2011, Campuzano made a claim for theft of inventory from his booth. Dkts. 16 at 2, 16-1 at 1. Campuzano claims that on or about July 26, 2011, inventory valued at approximately $49,000.00 was stolen from his booth. Dkt. 16-4 at 9. Campuzano states that he reported this event to the Pearland Police Department shortly after it occurred. *Id.* No police report from July has been produced. On October 27, 2011, Campuzano reported an additional theft to the Pearland Police Department. Dkt. 16-4 at 17. As indicated by the incident report generated by the Pearland Police Department, the theft occurred on or about October 16, 2011. *Id.* The police report lists over $60,000.00 worth of inventory that was reported stolen at the time of the report. *Id.* While the report indicates that all of the merchandise was lost in October, plaintiff claims that the October police report lists items stolen in both July and October. Dkt. 18-3.

Upon receipt of Campuzano's October claim, Sentinel responded that the Policy had been canceled effective August 22, 2011, for non-payment. Dkt. 16-1 at 4. Campuzano states that he never received notice of the cancellation and that he made his premium payments to cover the Policy through at least the end of November, 2011. Campuzano provided receipts he received when he made his premium payments to his agent. Dkt. 18-2. After learning of the cancellation, Campuzano told the insurer that his October claim actually covered a July theft as well. Dkt. 18-3. Upon learning that there was no police report filed regarding his July loss, Campuzano filed a police report on December 3, 2011. Dkt. 16-4 at 22. Defendant denied Campuzano's claims in their entirety, and Campuzano filed this lawsuit.

## II. LEGAL STANDARD

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be an absence of any genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505 (1986). An issue is "material" if its resolution could affect the outcome of the action. *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007). "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact. *Id.* at 322. If the moving party fails to meet this burden, it is not entitled to a summary judgment, and no defense to the motion is required. *Id*. "For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995); *see also Celotex*, 477 U.S. at 323–25. To prevent summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a

genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986) (quoting Fed. R. Civ. P. 56(e)).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas, Tex.*, 529 F.3d 519, 524 (5th Cir. 2008). The court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence; disregard all evidence favorable to the moving party that the jury is not required to believe; and give credence to the evidence favoring the non-moving party as well as to the evidence supporting the moving party that is uncontradicted and unimpeached. *Moore v. Willis Ind. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). However, the non-movant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). By the same token, the moving party will not meet its burden of proof based on conclusory "bald assertions of ultimate facts." *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978); *see also Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1221 (5th Cir. 1985).

### III. ANALYSIS

#### A. Breach of Contract

In order to establish breach of contract, plaintiff must prove: (1) a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of that breach. *Aquila Sw. Pipeline, Inc. v. Harmony Exploration, Inc.*, 48 S.W.3d 225, 235 (Tex. App.—San Antonio 2001, pet. denied). A breach occurs when an

insurer fails to pay a covered claim under an insurance policy. *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 254 (5th Cir. 2011) (citing *D.R. Horton-Tex., Ltd. v. Market Int'l Ins. Co.*, 300 S.W.3d 740, 743 (Tex. 2009)). Defendant argues that plaintiff cannot prove the second element of his claim for breach of contract because plaintiff did not comply with his duties under the contract, and the duties breached by plaintiff were conditions precedent to coverage. Dkt. 16 at 9. Specifically, defendant argues that plaintiff failed to provide prompt notice, documentation, and a signed examination under oath as required by the policy.

Duties of an insured in the event of loss are often considered conditions precedent to coverage. *Berkley Reg'l Ins. Co. v. Philadelphia Indem. Ins. Co.*, 690 F.3d 342, 346-49 (5th Cir. 2012). However, "in order for an insured's breach to defeat coverage, the breach must prejudice the insurer in some tangible way." *Id.*; *see also Ridglea Estate Condominium Ass'n v. Lexington Ins. Co.*, 415 F.3d 474, 480 (5th Cir. 2005).

### 1. Failure to Provide Prompt Notice

Defendant argues that it was prejudiced by plaintiff's failure to give prompt notice as required by the Policy. Defendant claims that it received notice of the October 16, 2011 theft on November 22, 2011, and received notice of the July theft on December 1, 2011. Dkt. 16 at 2. Plaintiff has not disputed this timeline. Notice requirements in insurance policies are conditions precedent to coverage. *See Flores v. Allstate Texas Lloyd's Co.*, 278 F. Supp. 2d 810, 815 (S.D. Tex. 2003) (citing *Nan Travis Mem'l Hosp. v. St. Paul Fire & Marine Ins. Co.*, 394 F.2d 112 (5th Cir. 1968)). Whether notice is prompt is generally a question of fact, and notice given within a "reasonable" time will be considered prompt. *Cont'l Sav. Ass'n v. U.S. Fid. and Guar. Co.*, 762 F.2d 1239 (5th Cir. 1985).

Defendant argues that the four months between the July theft and the December notice was unreasonable and prejudiced its investigation of the theft. Specifically, it argues that without notice of the July theft prior to the October theft, it could not differentiate between inventory stolen while the policy was in effect and inventory stolen after the policy was canceled. Dkt. 16 at 10-11. This argument is not sufficient to meet the requirements for summary judgment. First, defendant's argument assumes that the policy was rightfully canceled in August for failure to make premium payments without addressing plaintiff's proof of payment presented to the court. A fact question still remains on whether plaintiff paid his premium through November 2011. If the fact finder determines that the policy should still have been in effect in October, the October loss would be covered, and defendant did not suffer the prejudice it alleges. Moreover, defendant has not shown that a one-month delay between the October theft and the November reporting is unreasonable as a matter of law.

Even if the fact finder determines that the policy was rightly canceled, defendant has not proven that a delay from July to December was unreasonable as a matter of law or that it was prejudiced by the delay between July and December. Defendant claims prejudice because of an inability to account for the inventory stolen in July as opposed to that stolen in October. It claims it could have done this by making a site visit after the July theft and observing what inventory remained in plaintiff's booth. Dkt. 16 at 10-11. This type of accounting can be easily recreated at trial through documents. In order for plaintiff to prove his loss, he will have to present evidence on what inventory he held in July, what he purchased between July and October, what he sold between July and October, and what he held after the October theft. If Plaintiff cannot account for these things, then it will be plaintiff who suffers, not defendant.

### 2. Failure to Provide Documents

Defendant also claims that coverage is precluded because of plaintiff's failure to provide documents as required by the Policy. Dkt. 16-1 at 39. However, defendant's motion acknowledges that plaintiff produced documents and submitted to an examination under oath when requested by defendant. Dkt. 16 at 12. According to plaintiff's testimony, he has submitted every document he has which would support his claim. Dkt. 18 at 4. In substance, defendant is complaining that the type of documentation plaintiff provided is not sufficient to prove the loss claimed. However, the Policy merely requires the insured to "give [the insurer] complete inventories of the damaged and undamaged property[, i]nclud[ing] quantities, costs, values, and amount of loss claimed." Dkt. 16-1 at 39. Plaintiff has done this to the extent possible given the record-keeping practices of his business. Dkt. 16-4 at 17-39. If the evidence submitted does not support the full value sought by plaintiff, a fact finder can award him a lesser amount. Regardless, plaintiff has presented enough evidence that he complied with his contractual duty to provide documentation to defeat defendant's motion for summary judgment.

### 3. Failure to Provide Signed Examination Under Oath

In the event of loss, the Policy requires the policyholder to provide sworn testimony if requested. The policy states: "[y]ou must see that the following are done in the event of loss of or damage to Covered Property: . . . (g) if requested, permit us to question you under oath at such times as may be reasonably required about any matter relating to this insurance or your claim, including your books and records. In such event, your answers must be signed." Dkt. 16-1 at 39. The duty to provide signed sworn testimony is a condition precedent to coverage. *See Trahan v. Fire Ins. Exch.*, 179 S.W.3d 669, 674 (Tex. App.—Beaumont 2005, no pet.).

Defendant acknowledges that plaintiff provided sworn deposition testimony upon the insurer's request. However, defendant argues that plaintiff failed to fully comply with the condition because he failed to return the signed transcript of the deposition. Dkt. 16 at 13. However, failure to fully comply does not preclude coverage unless the insurer can show prejudice as a result of plaintiff's failure to sign the transcript. Defendant does not offer any evidence or argument that the lack of signature on the transcript has prejudiced it in any way, and the court cannot conceive of any potential prejudice. Accordingly, plaintiff's failure to sign his testimony does not preclude coverage in this case and does not prevent him from maintaining his breach of contract claim.

**B.     Breach of Duty of Good Faith and Fair Dealing**

Texas law imposes a duty on insurers to "deal fairly and in good faith with its insured in the processing and payment of claims." *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 340 (Tex. 1995). If an insurer denies a claim when the insurer knew or should have known that it was reasonably clear that the claim was covered, the insurer may be liable for breach of good faith. *Aleman v. Zenith Ins. Co.*, 343 S.W.3d 817, 822 (Tex. App.—El Paso 2011, no pet.); *Parsaie v. United Olympic Life Ins. Co.*, 29 F.3d 219, 221 (5th Cir. 1994). The focus of the bad faith inquiry is not on whether the insured's claim was valid, but on the reasonableness of the insurer's conduct in rejecting the claim. *Lyons v. Miller Cas. Ins. Co.*, 788 S.W.2d 566, 567 (Tex. 1990). The reasonableness of the insurer's conduct is generally a question of fact. *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 56 (Tex. 1997).

A bona fide dispute about the insurer's liability on the insurance contract generally does not rise to the level of bad faith. *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 17 (Tex. 1994); *superseded by statute on other grounds*, Tex. Civ. Prac. & Rem. Code § 41.001(11). However, this standard

presumes that a reasonable investigation took place. *United Servs. Auto Ass'n v. Croft*, 175 S.W.3d 457, 471 (Tex. Civ. App.—Dallas 2005, no pet.). An insurer must reasonably investigate a claim in order to determine whether its liability is reasonably clear in order to satisfy its duty of good faith and fair dealing. *Giles*, 950 S.W.2d at 56 n.5. An insurer is required "to investigate claims thoroughly and in good faith, and to deny those claims only after an investigation reveals that there is a reasonable basis to do so." *Viles v. Sec. Nat'l Ins. Co.*, 788 S.W.2d 566, 568 (Tex. 1990). Insurers cannot insulate themselves from bad faith liability by investigating a claim in a manner calculated to construct a pretextual basis for denial. *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998).

Plaintiff's complaint states that defendant unreasonably denied payment and unreasonably canceled the policy. However, the court finds that plaintiff has not presented evidence of this claim sufficient to defeat summary judgment. Defendant's motion for summary judgment states that plaintiff has not submitted any evidence that defendant's denial of coverage is anything more than a bona fide dispute. Dkt. 16 at 15. Plaintiff does not respond to defendant's argument regarding his good faith and fair dealing claim or present evidence showing that there is a genuine issue for trial. The evidence presented by defendant indicates that its refusal to pay plaintiff's claims is a bona fide dispute regarding what items were stolen when, how much they were worth, and whether plaintiff's policy was in effect at the time of the loss. Accordingly, plaintiff cannot proceed with his breach of good faith and fair dealing claim.

**C.    Fraud**

Plaintiff's complaint states that "[d]efendant has commited a fraud on [p]laintiff." To establish a common-law fraud claim, plaintiff must prove: (1) that a material misrepresentation was

made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the other party acted in reliance on the representation; and (6) the party thereby suffered injury. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001). Neither plaintiff's complaint nor his response to defendant's motion alleges a material false representation made by defendant. In fact, plaintiff's response does not even address defendant's argument in opposition to his fraud claim. Accordingly, plaintiff's fraud claim cannot survive summary judgment.

## IV. Conclusion

Sentinel's motion for summary judgment (Dkt. 16) is GRANTED IN PART and DENIED IN PART. Campuzano's claims for fraud and breach of the duty of good faith and fair dealing are DISMISSED WITH PREJUDICE. Plaintiff's breach of contract claim remains before the court.

It is so **ORDERED**.

Signed at Houston, Texas on February 9, 2015.

```
_____
        Gray H. Miller
   United States District Judge
```